Michael CEDENO, Plaintiff–Appellant,

v.

NEW YORK CITY TRANSIT AUTHORITY, Defendant–Appellee.

Docket No. 01–9049.

United States Court of Appeals, Second Circuit.

Nov. 5, 2002.

Thomas P. Hartnett, New York, NY, for Plaintiff–Appellant.

Richard Schoolman, Office of the General Counsel, New York City Transit Authority, Brooklyn, NY, for Defendant–Appellee.

Present LEVAL, CALABRESI and B.D. PARKER, Jr., Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED.**

Michael Cedeno ("Plaintiff") appeals from a decision of the United States District Court for the Eastern District of New York (Ross, *J.*), granting summary judgment in favor of the New York City Transit Authority ("Defendant" or "NYCTA") on Plaintiff's Title VII race-discrimination claim.[1] We affirm.

### BACKGROUND

Plaintiff, who is Hispanic, worked as a bus driver for the NYCTA from 1987 to 1997. In 1991, he tested positive for cocaine in a random urinalysis. Disciplinary proceedings followed, during which Plaintiff agreed to participate in an Employee Assistance Program. This he completed successfully, and then returned to work as a bus driver. Six years later, another

---

1. Plaintiff's case below also included claims under state and local law, but these he does not pursue on appeal.

random test of Plaintiff's urine showed evidence of cocaine use. Plaintiff thereupon entered into a stipulation with the NYCTA that barred him from employment in safety-sensitive positions, but allowed him to resume work in a nonsensitive capacity upon again completing the Employee Assistance Program. He did so, and since 1998 has been employed as a cleaner.

Plaintiff maintains that while his reassignment to a nonsensitive position may have accorded with written NYCTA policy, this policy was applied to him selectively, on account of his race. He contends that six non-Hispanic bus drivers who twice tested positive for cocaine were restored to their positions as drivers, and that this evidences the NYCTA's racial animus in moving Plaintiff to an inferior, nonsensitive position. In granting summary judgment, the district court found that the circumstances under which these other drivers were reinstated do not give rise to an inference of discrimination in Plaintiff's case.

## DISCUSSION

We review de novo a district court's grant of summary judgment, construing all evidence in the light most favorable to the nonmoving party. *Reg'l Econ. Cmty. Action Program, Inc. v. City of Middletown*, 294 F.3d 35, 45 (2d Cir.2002).

To make out a prima facie case of discrimination, premised on adverse employment actions, Plaintiff must show that "(1) [he] is a member of a protected class; (2)[he] is qualified for [his] position; (3)[he] suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination." *Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 (2d Cir.2000). If he succeeds in this, the burden of production then shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the adverse action. *Id.* The ultimate burden of persuasion rests with the plaintiff, who must establish that, more likely than not, the defendant was motivated by illicit discrimination. *Id.*

Of the six bus drivers who kept their posts following a second positive drug test, four were not sufficiently similarly situated to Plaintiff to establish the fourth element of the prima facie case. *See Shumway v. United Parcel Service, Inc.*, 118 F.3d 60, 64 (2d Cir.1997). In three of the cases, the second positive test occurred within a fortnight of the first. On Defendant's uncontroverted submission, these drivers only had a "single positive" within the meaning of NYCTA's substance-abuse policy. A fourth driver successfully challenged her test results, which prevented the NYCTA from transferring or dismissing her. Even assuming the last two drivers were similarly situated to Plaintiff, it is impossible, on the evidence before us, for a reasonable juror to find it more likely than not that discrimination was the reason for Plaintiff's transfer to a nonsensitive position. It appears that approximately 114 NYCTA bus drivers twice failed drug tests between 1990 and 2000, and that only the six mentioned above were not reclassified or fired. The balance—only thirteen of whom are Hispanic—includes people of all races and ethnicities.

We have considered Plaintiff's remaining arguments, and find them meritless. Accordingly, the judgment of the district court is AFFIRMED.